UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a foreign insurance company,<br><br>Defendant. | No. 2:22-cv-966<br><br>**COMPLAINT FOR CONTRIBUTION AND SUBROGATION** |

PLAINTIFF, The Travelers Home and Marine Insurance Company (hereinafter "Travelers"), by and through its attorneys, alleges as follows:

## I.   PARTIES

1.1   Travelers is an insurance company organized under the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut.

1.2   United Services Automobile Association ("USAA") in an insurance company organized under the laws of the State of Texas, with its principal place of business in Texas.

## II.   JURISDICTION AND VENUE

2.1   Travelers is a citizen of the State of Connecticut.

2.2   USAA is a citizen of the State of Texas.

2.3     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

2.4     The Court also has jurisdiction over this action pursuant to 28 U.S.C. §2201, because there is a real, substantial, and justiciable issue in controversy between the parties to this action with respect to the existence of insurance coverage under the policy of insurance issued by USAA. A judicial determination and a declaration of the rights and obligations as between the parties is necessary and appropriate at this time because Travelers has no adequate remedy at law which will resolve the current controversy.

2.5     Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves claims for insurance coverage stemming from alleged losses which occurred in Oak Harbor, Washington.

### III.     FACTS

3.1     The instant action arises out of counterclaims by Thomas and Rita Casebier (collectively "Casebier") for breach of a tree covenant, nuisance and trespass and declaratory relief against Joyce King in Island County Superior Court, Case no. 18-2-00614-15, entitled *Joyce King v. Gerald and Suhwa Tompsett et al.* (hereinafter the "Underlying Action").

**A.     The Underlying Action**

3.2     The Underlying Action states that Joyce King owns improved residential property in Island County, WA located at 340 Olympic Bay Lane, Oak Harbor, WA 98277 (the "King Property").

3.3     Based upon information and belief, Gerlad and Suhwa Tompsett (Tompsett), Thomas and Claudia Krueger (Krueger) and Casebier were residents of residential properties

across the street from the King Property.

3.4   In the Underlying Action, the original complaint filed by Joyce King alleged that Tompsett cut her trees without her permission. Moreover, Joyce King alleges that Casebier instigated, promoted, encouraged, directed and/or advised Tompsett to cut, trim and remove the trees from Joyce King's property.

3.5   The Second Amended Complaint in the Underlying Action filed by Joyce King contains allegations of timber trespass, negligence and emotional distress against Tompsett, Casebier and Krueger. Joyce King alleges that Tompsett cut her trees without her permission from approximately December 2017 through approximately April 2018. Moreover, Ms. King alleges that the tree cutting, limbing, and removal continued after April 2018.

3.6   Thereafter, in the Underlying Action, Casebier filed a first amended answer and counterclaims against Joyce King. The allegations in the counterclaims include reference to the Declaration of Covenants, Dugualla Bay Estates, recorded under Island County Auditor's File No. 20018722 which provides the Casebiers and King Property are subject to the following Declaration of Covenants:

> TREES:  The care and maintenance of trees and shrubs on any lot in the BLA is the responsibility of the owner. The preservation of water and/or territorial view is paramount. Existing native trees (existing on November 1, 2000) which as of November 1, 2000, have reached a height of 20 feet, or more, may remain in place and may be allowed to grow higher. All other trees and shrubs shall be maintained to a height which does not block the views, as those views exist on November 1, 2000, from other lots in the BLA.

("Tree Covenant").

3.7   The allegations contained in the counterclaims state that the trees on the King Property were not native and were not a height of 20 feet as of November 1, 2000 and are currently blocking views from the Casebier Property that existed on November 1, 2000. As a result, Casebier

1  alleges it was a violation of the Tree Covenant.

2      3.8    Casebier further alleges that the Declaration expressly allows each of the owners of property subject to its terms to enforce the Declaration against other owners of Dugualla Bay Estates and to recover his/her/their attorneys' fees.

    3.9    The Casebiers' Counterclaims against Joyce King include Declaratory Relief, Breach of Tree Covenant, Nuisance and Trespass.

**B.    Policies of Insurance Applicable to the Claims in the Underlying Lawsuit**

    3.10    Joyce King had a policy of insurance with Travelers under policy number 6041261416331 from March 21, 2019 through March 21, 2021.

    3.11    Based upon information and belief, Joyce King had a policy of insurance with USAA under policy number HO-9RWA 07-08 prior to March 21, 2019.

**C.    USAA Response to the Tender**

    3.12    Following the counterclaims against Joyce King in the Underlying Lawsuit, King tendered a claim of defense and indemnity in the Underlying Suit.

    3.13    USAA issued claim number 006686420-001 with regard to the above tender.

    3.14    On December 8, 2020, USAA denied coverage of Ms. King's claim. In its letter, USAA provides the following as its reason for denial.

> …[T]he assertions in the suit do not qualify as an 'occurrence' as defined by the policy, and did not result in 'bodily injury' or 'property damage' as defined by the policy. The Exclusions for punitive damages or exemplary damages, fines or penalties, and intentional acts also apply.

    3.15    In accordance with applicable law, Travelers now brings this claim seeking a judicial determination that USAA owes a duty to indemnify and defend Joyce King in the Underlying Action and contribution from USAA for half of all costs and fees accrued and to be

accrued for purposes of the defense of Ms. King in the Underlying Action.

IV. **THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY REGARDING USAA'S COVERAGE OBLIGATIONS**

4.1   The USAA Policy provides coverage to insureds for "property damage" caused by an "occurrence," as those terms are defined by the policy.

4.2   There is an actual and justiciable controversy as to whether the alleged obstruction of views of the Casebiers' property constitutes "property damage" as defined in the USAA policy.

4.3   There is an actual and justiciable controversy as to whether the allegation that Ms. King "allowed trees and other vegetation…to grow in a manner that blocks those views from that Casebiers property" constitutes an "occurrence" as defined in the USAA policy.

4.4   There is an actual and justiciable controversy as to whether exclusions in the USAA Policy for punitive damages or exemplary damages, fines or penalties, and intentional acts apply.

4.5   There is an actual and justiciable controversy as to whether USAA owes a duty to defend and/or indemnify coverage to Joyce King under the USAA Policy with regard to the claims alleged in the Underlying Action.

4.6   There is an actual and justiciable controversy as to whether the allegations in the Underlying Action are covered under the USAA Policy.

V. **CAUSES OF ACTION**

A.   **Declaratory Relief**

5.1   Travelers is entitled to Declaratory Judgment in its favor in the form of a judicial determination that USAA owes a duty to defend Joyce King as one of the insurers against the claims asserted against her in the Underlying Action.

B.   **Contribution and/or Equitable Contribution**

5.2   Travelers has paid sums for costs and attorney fees in defending Joyce King against

the claims asserted in the Underlying Action. Some or all of these costs and attorney fees should have been paid by USAA.

5.3  Based on the doctrines of contribution and/or equitable contribution, Travelers is entitled to recovery and/or reimbursement from USAA for its proportionate share of the costs and fees incurred in defending Joyce King with regard to the Underlying Action.

**C.  Subrogation**

5.4  Based on information and belief, USAA owes Joyce King a duty to defend and indemnify with respect to the claims asserted in the Underlying Action.

5.5  Travelers has so far paid all costs and fees incurred for the defense of Joyce King in the Underlying Action. Travelers will continue to pay the costs and fees necessary for the defense and/or indemnification of Joyce King with regard to the Underlying Action. Some or all of these fees and costs should have been borne by USAA.

5.6  Pursuant to its right of subrogation, Travelers is entitled to reimbursement of fees and costs incurred in defending Joyce King with regard to the Underlying Action, as well as any and all further costs and expenses or damages which result from the failure of USAA to defend and indemnify Joyce King.

**D.  Indemnity**

5.7  The claims asserted in the Underlying Action contain allegations against Joyce King that could impose liability covered by the USAA Policy.

5.8  Travelers has incurred expenses in defending Joyce King with regard to the Underlying Action and may incur further expenses defending and/or indemnifying Joyce King. Some or all of these expenses should have been borne by USAA.

5.9  Travelers is entitled to indemnity from USAA for the defense and indemnification

costs they incurred in defending Joyce King with regard to the Underlying Action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Travelers, having specifically alleged the forgoing, now requests the following relief:

1. For a determination of the rights and obligations of the parties hereto with regard to the claims asserted in the Underlying Action under the Travelers Policy and USAA Policy.

2. For a declaration that USAA owes defense and indemnity obligations to Joyce King with respect to the claims asserted in the Underlying Action.

3. For judgment in favor of Travelers, including an award of damages in an amount to be proven at trial, for its contribution, subrogation and/or indemnity claims.

4. For all interest as allowed by applicable law.

5. For attorney fees and costs allowed by appliable statue and law.

6. For other and further relief as the Court deems just and equitable.

DATED this 13th day of July 2022.

LETHER LAW GROUP

*s/ Thomas Lether*
Thomas Lether, WSBA #18089
*s/ Eric J. Neal*
Eric J. Neal, WSBA #31863
*s/ Geraldine Anne T. Enrico*
Geraldine Anne T. Enrico, WSBA #54917
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
genrico@letherlaw.com
*Attorneys for The Travelers Home and Marine Insurance Company*